IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
MINDY PRETZMAN,                                        )
Address Filed Under Seal                               )
                                                       )
            *Plaintiff*,                 )         Civil Action No. 23-2577
                                                       )
ALEJANDRO NICHOLAS MAYORKAS,                           )
in his official capacity as                            )
SECRETARY OF HOMELAND SECURITY                         )
United States Department of Homeland                   )
Security                                               )
Washington, D.C. 20528;                                )
                                                       )
JAMES M. MURRAY,                                       )
in his official capacity as                            )
Director, United States Secret Service                 )
Building 410                                           )
245 Murray Drive, SW                                   )
Washington, D.C. 20223                                 )
                                                       )
            *Defendants*.               )
_____)

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

Plaintiff Mindy Pretzman brings this action against the Department of Homeland Security ("DHS") and the United States Secret Service ("USSS") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the Privacy Act of 1974 ("Privacy Act"), 5 U.S.C. § 552a(g), and the Declaratory Judgment Act, 28 U.S.C. § 2201 and 2022, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA and the Privacy Act to immediately release improperly withheld agency records and account to the Plaintiff for the

1

Defendants' non-consensual disclosure of personal records belonging to the Plaintiff.  Plaintiff complains as follows:

**PARTIES**

1. Plaintiff Pretzman is an adult individual and resident of Arlington County, VA.  Plaintiff Pretzman is employed as a GS-15 Special Agent (Criminal Investigator) for the USSS assigned to the Criminal Investigative Division, with a duty station at U.S. Secret Service Headquarters, Washington, D.C.

2. Defendant DHS is an agency of the United States Government within the meaning of 5 U.S.C. § 551, 552(f), and 702, that has possession, custody, and/or control of, and the capacity to account for, the records that Plaintiffs seek.  The DHS headquarters are located at Washington, D.C.

3. Defendant USSS is an agency of the United States Government within the meaning of 5 U.S.C. § 551, 552(f), and 702, that has possession, custody, and/or control of, and the capacity to account for, the records that Plaintiff seeks.  The USSS headquarters are located at Building 410, 245 Murray Drive, SW, Washington, D.C.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA), 5 U.S.C. § 552a(g)(1)(b) (Privacy Act), and 28 U.S.C. § 1331 (federal question).  The Court has the authority to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Venue is proper in this judicial district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e). which provide that the district court of the United States in the District of Columbia has jurisdiction to enjoin these federal agencies from withholding agency records, accounting

for and tracking their disclosure, and to order the production of any agency records improperly withheld from the Plaintiff.

## STATEMENT OF FACTS

6. In August 2022, open source media reports surfaced that the USSS provided personal cell phone information of "thousands" (source material below) of its employees to Congressional Oversight Committees or investigative agencies (DOJ, and/or the Federal Bureau of Investigation) examining events surrounding January 6, 2021.

7. News outlets reported that these records were provided without congressional subpoenas or court-ordered compulsion.

8. Multiple USSS Special Agents followed established internal agency procedures and informally requested further information on these reports through USSS FOIA, Privacy Office representatives, and USSS General Counsel, but did not receive substantive responses.

9. To date, USSS Executive Leadership has remained completely silent on the matter.

10. The open source materials are located at https://www.cnn.com/2022/08/07/politics/secret-service-personal-cell-phones-oversight/index.html and https://abcnews.go.com/Politics/secret-service-hands-agents-phone-numbers-jan-committee/story?id=88045692.

11. The Federal Law Enforcement Officers Association ("FLEOA"), a non-partisan, not-for-profit corporation which represents 31,000 federal law enforcement officers including the Plaintiff, inquired separately of the "January 6" Subcommittee of the House if the USSS or DHS disclosed to the "January 6" Subcommittee personal cell phone numbers of the USSS Special Agents, including the Plaintiff, previously collected by the USSS for emergency contact only.

12. The "January 6" Subcommittee responded to the FLEOA inquiry by denying that it solicited or received any personal cell phone numbers belonging to USSS employees, and stated that the open source information indicating that it did was "incorrect."

13. Neither the DOJ, FBI or any other investigative agency of the United States Government has admitted that it solicited or received the personal cell phone information belonging to USSS employees, such as the Plaintiff.

14. USSS employees, including the Plaintiff, traditionally provided their personal cell phone numbers to an employee contact directory (ePerson) and on beneficiary forms as a redundant means of communication in the event of a catastrophic incident or to aid in next of kin notifications.

15. Specifically, USSS personnel, including the Plaintiff, have been encouraged for years to provide their personal cell phone numbers in ePerson to aid in the employee's recovery in the event the employee were to become a hostage / detainee or to assist in notification to the employee's next of kin following a life threatening event.

16. In fact, there are two Privacy Act disclosure notice banners on ePerson noting such. The disclosure notice banners specifically state: "The Secret Service **will not disclose** all or part of this form to any outside agency or group. Information will only be disclosed to notify the individuals listed on this form if you are incapacitated as a result of your involvement in a life threatening event." [Emphasis added].

17. To date, the USSS Executive Leadership has not addressed the open source media reports by providing an explanation of the actions taken by the USSS to disclose personal security information of its employees, including the Plaintiff, without their consent and in the absence of a Congressional subpoena or court order to any United States Government entity, including neither admitting nor denying whether such disclosures were made.

18. The objective of this litigation is to determine:

    - Did the USSS disclose Plaintiff's personal cell phone information to a third party or investigative agency?
    - If so, to whom were the personal cell phone information disclosed?
    - How is this information being used by the investigative entities?
    - How is the information stored and protected from compromise by the investigative entity receiving the information?
    - How long will the information be available for access by the recipient investigative agencies?
    - The propriety of non-consensual disclosure.

19. Plaintiff Pretzman formally prepared and transmitted to the FOIA/Privacy Act component of the USSS, letters seeking an answer to the foregoing questions.

20. In the absence of a response from the USSS Executive Leadership, the Plaintiff formally invoked the FOIA/Privacy Act administrative procedures to seek disclosure. The core argument on behalf of the Plaintiff is that the USSS must cite a statutory exemption to bar an accounting to the Plaintiff tracking the disclosure of her personal cell phone information to a third party investigative agency by the USSS or DHS. However, no such exemption has ever been identified.

21. On October 5, 2022, the DHS and USSS replied to the FOIA/Privacy Act requests for an accounting of the personal cell phone number disclosures by stating without rationalized explanation as follows:

    > The Secret Service has interpreted your inquiry to be a request made pursuant to 6 CFR 5.27, Requests for an accounting of records disclosed. The agency has determined that regulation does not require a records disclosure accounting to be made in connection with your request. See Exhibit A attached.

22. On January 2, 2023, the Undersigned on behalf of the Plaintiff appealed the FOIA/Privacy

Act adverse determination by writing an appeal addressed to the "Deputy Director, U.S. Secret Service, Freedom of Information Appeal." See Exhibit B attached.

23. The Plaintiff's argument in her administrative appeal, among other claims, was that the USSS and DHS were mandated under the FOIA/Privacy Act statutes, more particularly, 5 U.S.C. § 552a(c) to track and account to the Plaintiff its non-consensual disclosures to any third party of a record from any "systems of records" of the agencies, in particular, the personal cell phone numbers of the Plaintiff.

24. On June 7, 2023, the USSS Deputy Director replied to the appeal that the "relevant regulations do not require an accounting of records disclosures." See Exhibit C attached.

25. The Plaintiff argued in her appeal, that the USSS and DHS have violated the tracking provision of the FOIA/Privacy Act statutes by refusing to account to the Plaintiff to whom the agencies disclosed the Plaintiff's personal cell phone numbers. No specific disclosure or accounting tracking exemption is cited by the USSS or DHS in the June 7, 2023 appeal determination.

26. FOIA requires agencies of the Federal Government to "promptly" release records to the public upon request, unless a specific statutory exemption applies or disclosure is prohibited by law. 5 U.S.C. § 552(a)(3)(A). The USSS and DHS have violated this statutory mandate.

27. The June 7, 2023 letter (Exhibit C) states that the Plaintiff's administrative appeals are exhausted and judicial review is the only remedy.

## CAUSES OF ACTION

### Count 1

### Violation of FOIA (5 U.S.C. § 552) for Wrongful Withholding and Failure to Account for Disclosure of Agency Records

28. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs.

29. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B).

30. Defendants are agencies subject to and within the meaning of FOIA, 5 U.S.C. § 552(f) and 5 U.S.C. § 551.

31. Defendants have possession of the documents and records that Plaintiff seeks and can account for and track their disclosure to third parties.

32. Plaintiff properly requested records within the possession, custody, and control of Defendants.  5 U.S.C. § 522(a)(3).

33. Plaintiff is entitled by law to access the records and accounting of disclosures requested under FOIA, unless Defendants make an explicit and justified statutory exemption claim.

34. Defendants have failed to make any explicit statutory exemption claim.

35.  Defendants have failed to make responsive records available to Plaintiff, in violation of FOIA. 5 U.S.C. § 552(a)(3)(A).

36. Defendants are wrongfully withholding non-exempt agency records requested by Plaintiff by failing to produce records responsive to the FOIA request and have no legal basis for their actions in withholding the right of access to the requested records.

37. Plaintiff has exhausted all applicable administrative remedies as provided in FOIA.

38. Therefore, Defendants have violated FOIA's mandate to release agency records to the public by failing to release the records as Plaintiff specifically requested, 5 U.S.C. §552(a)(3), and Plaintiff is entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to the FOIA requests referenced herein and to justify the withholding of any responsive records withheld under claim of exemption.

**Count 2**

**Violation of FOIA (5 U.S.C. § 552) for Failure to Conduct a Reasonable Search**

39. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs.

40. Defendants are agencies subject to and within the meaning of FOIA, 5 U.S.C. § 552(f) and 5 U.S.C. § 551.

41. Plaintiff's request for records properly seeks records within the possession, custody, and/or control of Defendants.  5 U.S.C. § 522(a)(3).

42. Defendants have failed to conduct a search reasonably calculated to identify all records responsive to Plaintiff's requests for records, in violation of its obligations under FOIA.  5 U.S.C. § 552(a)(3).

43. Plaintiff has exhausted all applicable administrative remedies as provided in FOIA.

44. Therefore, Defendants have violated FOIA's mandate to release agency records to the public by failing to release the records as Plaintiff specifically requested, 5 U.S.C. § 552(a)(3), and Plaintiff is entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to the FOIA requests referenced herein and to justify the withholding of any responsive records withheld under claim of exemption.

**Count 3**

**Violation of the Privacy Act (5 U.S.C. § 552a) for Wrongful Withholding of Agency Records**

45. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs.

46. Defendants are agencies subject to the Privacy Act.  5 U.S.C. § 552a(a).

47. Defendants have possession of the documents and records that Plaintiff seeks and can account for their disclosure to third parties.

48. Plaintiff properly asked for records within the Defendants' control.  5 U.S.C. § 552a(b)(2) & (d).

49. Plaintiff is entitled by law to access the records requested.  See 5 U.S.C. § 552a(b)(2).

50. Defendants have failed to make the responsive records available to Plaintiff or to account for their disclosure, in violation of the Privacy Act.  5 U.S.C. § 552a(d).

51. Defendants are wrongfully withholding these records from Plaintiff and have no legal basis for their actions in withholding the right of access to the requested records.  See 5 U.S.C. § 552a(d).

52. Plaintiff has exhausted all applicable administrative remedies as provided in the Privacy Act.

### Count 4

### Violation of the Privacy Act of 1974 (5 U.S.C. § 552a) for Failure to Conduct a Reasonable Search

53. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs.

54. Defendants are agencies subject to the Privacy Act.  5 U.S.C. § 552a(a).

55. Defendants have possession of the documents and records that Plaintiff seeks.

56. Plaintiff properly asked for records within the Defendants' control.  5 U.S.C. § 552a(b)(2) & (d).

57. Plaintiff is entitled by law to access the records requested.  See 5 U.S.C. § 552a(b)(2).

58. Defendants have failed to conduct a search reasonably calculated to identify all records responsive to Plaintiff's requests for records, in violation of the Privacy Act.  5 U.S.C. § 552a(d).

59. Defendants are wrongfully failing to search for records responsive to Plaintiff's requests and have no legal basis for their actions in doing so and in withholding the right of access to the requested records.  See 5 U.S.C. § 552a(d).

60. Plaintiff has exhausted all applicable administrative remedies as provided in the Privacy Act.

### REQUEST FOR RELIEF

61. WHEREFORE, Plaintiff respectfully requests the Court:

   a) Declare unlawful the Defendants' failure to comply with FOIA and the Privacy Act of 1974;

   b) Declare that the Plaintiff is entitled to disclosure of the requested records, and an accounting of their disclosure to third parties;

   c) Order Defendants to immediately process the requests and disclose, in their entirety, unredacted versions of all records responsive to Plaintiff's requests that are not specifically exempt from disclosure under FOIA, including any non-identical copies of any such records;

   d) Enjoin Defendants from charging Plaintiff search, review or duplication fees for the processing of the requests;

   e) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's requests;

   f) Retain jurisdiction of this action to ensure that no agency records are wrongfully withheld; and

   g) Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

By: /s/ Lawrence Berger
Lawrence Berger, Esq.
Mahon & Berger, Esqs.
70 Glen Street, Suite 249
Glen Cove, NY 11542
516-671-2688
lberger@lbfedlaw.com

By: <u>/s/ James Osgood</u>
James J. Osgood, P.C.
Law Office of James J. Osgood, P.C.
254 South Main St.
Suite 212
New City, New York 10956
Telephone 845-623-0808
Fax 845-634-2694
josgood@jjopc.com