IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
MINDY PRETZMAN,                     )
                                    )
            Plaintiff,              )   CASE NO.: 23-CV-2577-TJK
                                    )
ALEJANDRO NICHOLAS MAYORKAS,        )
in his official capacity as Secretary )
of Homeland Security, *et. al.,*    )
                                    )
            Defendants.             )
_____)

**PLAINTIFF'S OPPOSITION TO THE DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

Plaintiff, Mindy Pretzman ("Pretzman"), through undersigned counsel, respectfully urges this Court to deny the Defendants' motion to dismiss the complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Fed. R. Civ. P. for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.

Attached in support of this opposition response are a memorandum of points and authorities along with a proposed order.

                                            Respectfully submitted,

                                            By: /s/ Lawrence Berger
                                            Lawrence Berger, Esq.
                                            Counsel for Plaintiff

                                            Mahon & Berger, Esqs.
                                            70 Glen Street, Suite 249
                                            Glen Cove, NY 11542
                                            516-671-2688
Dated:  February 5, 2024                  lberger@lbfedlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MINDY PRETZMAN, | ) |
| *Plaintiff*, | ) CASE NO.: 23-CV-2577-TJK |
| ALEJANDRO NICHOLAS MAYORKAS, in his official capacity as Secretary of Homeland Security, *et. al.*, | ) |
| *Defendants*. | ) |

**MEMORANDUM IN OPPOSITION TO THE DEFENDANTS' MOTION TO DISMISS**

**TABLE OF CONTENTS**

I. Preliminary Discussion ……………………………………………………………………………………… 5

II. Legal Argument …………………………………………………………………………………………….. 6

    A. Pretzman's claims for relief under FOIA. Defendants' Mot., pp. 8-10. ……………. 6

        1. Refusal to Allow Access to Records ……………………………………………….. 6

        2. Lack of Adequate Search …………………………………………………………… 10

    B. Pretzman's claims for equitable relief under the Privacy Act are legally sufficient. Defendants' Mot., pp. 10-12 ……………………………………………………………… 12

    C. The Court has jurisdiction over Pretzman's accounting claim. Defendants' Mot., pp. 12-14 ……………………………………………………………………………….. 13

    D. Pretzman has made out a § 552a(c)(3) claim. Defendants' Mot., pp. 14-17 …… 15

III. Conclusion …………………………………………………………………………………………………… 16

# **TABLE OF AUTHORITIES**

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                                                           **Pages**

*Chambers v. U.S. Dep't. of Interior*, 568 F. 3d 998, 1003 (D.C. Cir. 2009) …………………………………………. 11

*Dickson v. Office of Personnel Management,* 828 F. 2d 32, 37 (D.C. Cir. 1987) …………………………………. 14

*Fort Hall Landowners Alliance Inc. v. Bureau of Indian Affairs*, 407 F. Supp. 2d 1220
(D. Idaho 2006) ………………………………………………………………………………………………………………………….. 14, 15

*Gulf Coast Mar. Supply, Inc. v. United States,* 867 F. 3d 123, 128 (D.C. Cir. 2017) …………………………….… 5

*Hill v. U.S. Air Force,* 795 F. 2d 1067, 1069 (D.C. Cir. 1986) ……………………………………………………………. 11

*Hillier v. Central Intelligence Agency,* 2018 WL 4354947, *3 (U.S.D.C. D.C. 2018) …………………………….… 11

*Landrigan v. FBI,* 670 F.2d 1164, 1169 (D.C. Cir. 1981) ……………………………………………………………………. 10

*Martin v. Office of Special Counsel,* Merit Sys. Prot. Bd., 819 F. 2d 1181, 1184 (D.C. Cir. 1987) …………… 11

*Reporters Comm. for Freedom of Press v. FBI*, 877 F. 3d 399, 402 (D.C. Cir. 2017) ……………………………. 12

*Valencia-Lucene v. United States Coast Guard,* 180 F. 3d 321, 326-27 (D.C. Cir. 1999) (FOIA search) ….. 11

**Statutes**

5 U.S.C. § 552 ……………………………………………………………………………………………………………………………. 5, 13

5 U.S.C. § 552a …………………………………………………………………………………… 5, 6, 9, 10, 11, 12, 13, 14, 15, 16

**Rules**

Fed. R. Civ. P. Rule 8 ……………………………………………………………………………………………………………………. 14

Fed. R. Civ. P. Rule 12 …………………………………………………………………………………………………………………. 1

**Regulations**

6 C.F.R. § 5.27 …………………………………………………………………………………………………………………….. 7, 8, 11

**I. Preliminary Discussion**

Pretzman, through undersigned counsel, submits this opposition to the Defendants' motion to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim on which relief may be granted ("Defendants' Mot."). The Defendants' Mot. seeks dismissal of the complaint on the following grounds:

   A. Pretzman fails to state a claim under the Freedom of Information Act (5 U.S.C. § 552) ("FOIA"); Defendants' Mot., pp. 8-10;

   B. Pretzman's claims for equitable relief under the Privacy Act (5 U.S.C. § 552a) should be dismissed for failure to state a claim and want of jurisdiction; Defendants' Mot., pp. 10-12;

   C. The Court lacks jurisdiction over Pretzman's accounting claim because Pretzman fails to plausibly allege on adverse effect or actual damages; Defendants' Mot., pp. 12-14; and

   D. Pretzman's accounting claim should be dismissed because Pretzman fails to plausibly allege a violation of 5 U.S.C. § 552a(C)(3); *see* Defendants' Mot., pp. 14-17.

The factual and procedural backgrounds set forth in the Defendants' Mot. are accepted as undisputed, and need not be repeated here. See Defendants' Mot., pp. 4-7. Moreover, as the Defendants indicate in its motion to dismiss the Court must accept as true Pretzman's well-pleaded allegations. *Gulf Coast Mar. Supply, Inc. v. United States,* 867 F. 3d 123, 128 (D.C. Cir. 2017).

An individual can bring a civil action against an agency under the Privacy Act in federal district court whenever the Agency:

(1) makes a determination not to amend his record in accordance with his request. § 552a(g)(1)(A);

(2) refuses to comply with his request to review his own record. *Id.*, § (g)(1)(B);

(3) fails to maintain any record concerning the individual with the statutorily required accuracy and completeness and consequently, a determination is made which is adverse to him. *Id.*, § (g)(1)(C);

(4) fails to comply with any provision of the PA in such a manner as to have an adverse impact upon him. *Id.*, § (g)(1)(D).

Pretzman's Privacy Act claims are brought pursuant to § (g)(1)(B) (review own record) pursuant to § (d)(1) and § (g)(1)(D) (failure to account pursuant to § 552a (c)(3). The Defendants' Mot. should be denied for all of the reasons discussed below.

## II. Legal Argument

### A. Pretzman's claims for relief under FOIA. Defendants' Mot., pp. 8-10.

### 1. Refusal to Allow Access to Records

Counts 1 and 2 of the Complaint allege claims under FOIA for wrongfully withholding non-exempt responsive records and failing to conduct an adequate search for responsive records. Pretzman invokes both the FOIA and Privacy Act to access her personal cell phone number and any records relating to her personal cell phone maintained in the United States Secret Service ("USSS") system of records and to identify who in the USSS accessed her personal cell phone information and disclosed it to third parties outside the USSS without her consent. *See* Pretzman's initial request to the USSS dated August 4, 2022 at Exhibit A to Defendants' Mot. Pretzman's request stated:

> Referencing the roles and responsibilities of the Privacy Services Program listed below, I am a 20 year employee of the USSS and have very serious questions for which I am requesting immediate responses. I recently learned that USSS employee personal cell

6

> phone numbers were extracted from USSS database systems and provided to external agencies without seeking consent or advising employees. How can personal information we provide for emergency/personnel purposes be resourced (*sic*) via USSS electronic database (restricted) systems and then disclosed to anyone or entity outside of the US Secret Service or DHS in a surreptitious manner? And for what purpose? In a quest for clarification I visited Chief Counsel Thomas Huse this morning and inquired whether my personal cell phone number was sent to any outside entities. His response was merely that he could not disclose anything. I then asked if I was under a criminal investigation and again he said that he cannot disclose any information and abruptly dismissed me from his office.
>
> I respectfully request a documented response identifying who in the USSS resourced (*sic*) my personal information, through which USSS database, to whom was it provided outside of the USSS, who requested the information and why/for what purpose?

This August 4 request is manifestly a request to review the records, not only who they were disclosed to. The Defendants' response to Pretzman's August 4, 2022 request to access her records request (Exhibit A to Defendants' Mot.), was authored by the USSS's "Freedom of Information Act Program" and provided notice that any appeal of the denial of the records request "should be made … to: Freedom of Information Appeal …". *See* October 5, 2022 response at Exhibit B to the Defendants' Mot. The Defendants unilaterally, without consulting Pretzman, characterized Pretzman's request as a "Privacy Act inquiry." Moreover, the October 5 response "interpreted" Pretzman's inquiry "to be a request made pursuant to 6 C.F.R. 5.27, Requests for an accounting of records disclosed," and determined that the regulation did not require disclosure. No statutory exemption to disclosure was cited.

Pretzman never suggested or requested the Defendants to interpret her request for access to records exclusively as an accounting pursuant to 6 C.F.R. § 5.27. Nevertheless, as instructed, Pretzman filed a timely appeal of the access to records denial to "Freedom of

7

Information Act Appeal." *See* Exhibit C to the Defendants' Mot. In their final reply to Pretzman's appeal dated June 7, 2023 (Exhibit D to Defendants' Mot.), the Defendants report that the "Secret Service/FOIA/PA Office reviewed the relevant regulation, 6 C.F.R. § 5.27 …". The Defendants' final response in its June 7, 2023, was not exactly a model of clarity. The response merely stated: "[t]he Secret Service determined that [6 C.F.R. § 5.27] did not require an accounting in connection with this request." (Exhibit D to Defendants' Mot.). The Defendants did not cite to any statutory exemptions to disclosure and there was overall ambiguity regarding the precise component of the USSS which denied Pretzman's records access requests.

According to the Defendants' June 7, 2023 final reply, the "Secret Service's FOIA/PA Office reviewed the request, "ultimately denying it. It was not clear that the Defendants' FOIA Office was **not** involved in evaluating the claim throughout the administrative claim process, and Pretzman's claim involves both the FOIA and Privacy Act. Pretzman's initial August 4 request broadly requested access to her personal cell phone records maintained by the USSS, for among other reasons to determine who accessed her personal cell phone number (See October 17, 2022 appeal at Defendants' Mot., Exhibit B). In addition, she did seek an accounting of disclosure of her personal cell phone number to third parties. In her demand for relief in her Complaint, Pretzman requests:

> 61. WHEREFORE, Plaintiff respectfully requests the Court:
>
> a) Declare unlawful the Defendants' **failure to comply with FOIA** and the Privacy Act of 1974;
> b) Declare that the **Plaintiff is entitled to disclosure of the requested records, and an accounting of their disclosure to third parties;**
> c) Order Defendants to immediately process the requests and

> **disclose, in their entirety, unredacted versions of all records responsive to Plaintiff's requests that are not specifically exempt from disclosure under FOIA**, including any non-identical copies of any such records;
> d) Enjoin Defendants from charging Plaintiff search, review or duplication fees for the processing of the requests;
> e) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's requests;
> f) Retain jurisdiction of this action to ensure that no agency records are wrongfully withheld; and
> g) Grant such other relief as the Court may deem just and proper. [Emphasis added].

Pretzman's FOIA relief demand is encompassed by 5 U.S.C. § 552(a)(2)(D) which provides as follows:

> (a) Each agency shall make available to the public information as follows:
>
> . . .
>
> (2) Each agency in accordance with published rules, shall make available for public inspection in an electronic format –
>
> . . .
>
> (D) copies of all records, regardless of form or format – (i) that have been released to any person under paragraph (3);
>
> . . .
>
> (3) (A). Except with respect to the records made available under paragraphs (1) and (2) of this subsection, and except as provided in subparagraph (E), each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person.

Pretzman's request to inspect and review her personal cell phone records in the USSS system of records, as well as who may have accessed that information, was properly requested

under the FOIA § 552(a)(2)(D), regardless of how the Defendants characterized her claim, and it appears that a FOIA component of the Defendants was responsible for the June 7, 2023 response.  (Exhibit D to Defendants' Mot.).

The Defendants in their Defendants' Mot. (p. 9) misapprehend the relief demanded by Pretzman.  The Defendants argue that Pretzman does not seek records, but rather "sought answers to several questions …".  However, Pretzman precisely seeks records.  Pretzman specifies her requests as who accessed her personal cell phone records maintained by the USSS and to whom was her personal cell phone disclosed outside of the USSS?  See August 4, 2022 initial request at Exhibit A to Defendants' Mot; Pretzman's October 17, 2022 request at Exhibit C to Defendants' Mot. ("identification of who accessed her personal information;" through which database, and to whom was the personal cell phone number disclosed).  These are proper requests for record access review and inspection.  The questions to which Pretzman sought answers cited to in the Defendants' Mot., located at paragraph 18 of Pretzman's complaint, merely state her objectives in seeking access to the records as background, once access is granted pursuant to her demand for relief in the complaint.  Pretzman submitted a proper FOIA request to the Defendants, and her demands for relief in the Complaint are demands to access her personal cell phone records for review and inspection.  This Court has proper subject matter jurisdiction over Pretzman's FOIA request.

## 2. Lack of Adequate Search

The Privacy Act and FOIA are structurally similar.  *Landrigan v. FBI*, 670 F.2d 1164, 1169 (D.C. Cir. 1981).  Both provide a requester with access to federal agency records about the requester and create a private cause of action when an agency fails to comply with a valid

request.  *See* 5 U.S.C. § 552a(d)(1), (g)(1) (Privacy Act); 5 U.S.C. § 552(a)(3)(A), (a)(4)(B) (FOIA)." *Hillier v. Central Intelligence Agency*, 2018 WL 4354947, *3 (U.S.D.C. D.C. 2018).  Under both the FOIA and Privacy Act "an agency must conduct an adequate and reasonable search for relevant records." *Id*.  "In the D.C. Circuit, courts apply the same standard under both statutes to determine the adequacy of a search." *Id*.  (Citing *Chambers v. U.S. Dep't. of Interior*, 568 F. 3d 998, 1003 (D.C. Cir. 2009); *Hill v. U.S. Air Force*, 795 F. 2d 1067, 1069 (D.C. Cir. 1986)).  Significantly, when both statutes are at play, an agency seeking to withhold records must "demonstrate that the documents fall within some exemption under **each** Act."  [Emphasis in original].  [Citing *Martin v. Office of Special Counsel, Merit Sys. Prot. Bd*., 819 F. 2d 1181, 1184 (D.C. Cir. 1987)].  If a FOIA exemption covers the documents, but a Privacy Act exemption does not, the documents must be released under the Privacy Act, if a Privacy Act exemption but not a FOIA exemption applies, the documents must be released under FOIA.  *Martin v. Office of Special Counsel, Merit Sys. Prot. Bd.*, 819 F. 2d at 1184.

Here, the Defendants did not, nor are they able, to cite a specific exemption that justifies non-disclosure of the personal cell phone records requested by Pretzman.  Moreover, the Defendants' final determination on June 7, 2023 (Exhibit D to Defendants' Mot.) fails to disclose that it made any search at all of its systems of records, and used a conclusory statement that the "Secret Service determined that regulation [6 C.F.R. § 5.27] did not require an accounting in connection with [Pretzman's] request."  The Defendants are not the final judge of whether its search of its own records has been sufficient.  *Valencia-Lucene v. United States Coast Guard*, 180 F. 3d 321, 326-27 (D.C. Cir. 1999) (FOIA search).  The Defendants "must show that it made a good faith effort to conduct a search for the requested records, using methods

11

which can be reasonably expected to produce the information requested." *Reporters Comm. for Freedom of press v. FBI*, 877 F. 3d 399, 402 (D.C. Cir. 2017).  No such showing has been made here.  In sum, Pretzman has made a proper FOIA request for her personal records, and the Defendants have failed to cite any exemption barring disclosure nor did they make any effort to search their systems of records for the requested records.  Accordingly, Counts 1 and 2 of the Complaint are legally sufficient.

**B.  Pretzman's claims for equitable relief under the Privacy Act are Legally Sufficient; Defendants' Mot., pp. 10-12.**

Pretzman makes legally sufficient claims under Privacy Act, 5 U.S.C. § 522a(d)(1) (direct access to personal records) and (c)(3) (accounting for disclosures).

The Privacy Act states that: "Each agency that maintains a system of records shall … upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him and upon his request, a person of his own choosing to accompany him, to review the record and have a copy made of all or any portion thereof in a form comprehensible to him, except that the agency may require the individual to furnish a written statement authorizing discussion of that individual's record in the accompanying person's presence."  5 U.S.C. § 552a (d)(1).  The Privacy Act provides individuals with direct access that is similar to that allowed by the FOIA.  However, FOIA permits "any person" to seek access to any "agency record" that is not subject to any of its nine exemptions or its three exclusions.  On the other hand, the Privacy Act permits only an "individual" to seek access to only his own "record," and only if that record is maintained by the agency within a "system of records."  There are 10 exemptions to the Privacy Act.

12

Pretzman requests, as discussed above, "review" of any records maintained by the Defendants which pertain to her personal cell phone number, also who accessed it and to whom it was disclosed, if anyone.  The records Pretzman seeks to "review" are precisely the records covered not only by the FOIA but also 5 U.S.C. § 552a(d)(1) (Privacy Act).

The Defendants misapprehend Pretzman's record request as merely posing "questions to the agency about potential disclosures of Plaintiff's personal cell phone information." Defendants' Mot., p. 11.  Those questions merely express Pretzman's motivation to inspect and "review" the personal cell phone records.  Count 3 of the Complaint are claims that the Defendants not only failed to provide the requested accounting (Complaint, ¶ 47), but failed to make the records available for Pretzman's review and inspection under § 552a(d) (Complaint ¶¶ 50-51).  Pretzman seeks outright access of these records in her § 552a(d)(1) Privacy Act claim.  Pretzman's demand for relief cited above is not couched in questions sought to be answered.  The Defendants cite to no specific exemptions to justify barring disclosure nor to any effort to adequately search its systems of records for the requested records.  Counts 3 and 4 of the Complaint is legally sufficient.

**C. The Court has jurisdiction over Pretzman's accounting claim.  Defendants' Mot., pp. 12-14.**

Pretzman's Privacy Act claims allege a violation of 5 U.S.C. § 552a(d), and in the alternative, § 552a (c)(3).

According to the provisions of the Privacy Act, each agency, with respect to each system of records under its control, must keep a record of the date, nature, and purpose of each disclosure of a record to any person or to another agency under subsection (b) and the name and address of the person or agency to whom the disclosure is made.  5 U.S.C. § 552(c)(1).

Except for disclosures made pursuant to 5 U.S.C.A. § 552a(b)(7), an individual is entitled, upon request, to get access to the accounting of disclosures of his record.  5 U.S.C. § 552a (c)(3).  The Defendants have not claimed any (b)(7) exemption barring a disclosure accounting.

Rule 8 of the Fed. R. Civ. P. states in pertinent part as follows:

> **(d) Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.**
>
> . . .
>
> **(2) Alternative Statements of a Claim or Defense.**  A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.  If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.
>
> **(3)  Inconsistent Claims or Defenses.**  A party may state as many separate claims or defenses as it has, regardless of consistency.

The Defendants argue that Pretzman has failed to allege any "adverse effect" caused by the Defendants' failure to account and disclosure.  See 5 U.S.C. § 552a(g)(1)(D).

Both Pretzman's August 4, 2022 request (Exhibit A to Defendants' Mot.) and October 17, 2022 request (Exhibit C to Defendants' Mot.) plainly seek an accounting of disclosure of her personal cell phone to third parties.  The Complaint seeks an accounting.  See Demand for Relief, ¶¶'s (b) and (c).  The "adverse effect" that a plaintiff must show within the meaning of (g)(1)(D) is not necessarily equivalent to "actual damages" recoverable under (g)(4)(A).  *Dickson v. Office of Personnel Management,* 828 F. 2d 32, 37 (D.C. Cir. 1987).  The threshold showing of "adverse effect," which typically is not difficult for a plaintiff to satisfy, should carefully be distinguished from the conceptually separate requirement of "actual damages," discussed below.  *See e.g., Fort Hall Landowners Alliance, Inc. v. BIA,* 407 F. Supp. 2d 1220, 1225 (D. Idaho

2006) (explaining that "[i]t Is important not to confuse this standing requirement with the entirely separate element that requires proof of actual damages" and that "to satisfy the Privacy Act's adverse effect and causation requirements, plaintiffs need not show actual damages from the disclosure, but must merely satisfy the traditional "injury-in-fact and causation requirements of Article III."). Here, the invasion of Pretzman's privacy that accompanied the alleged disclosure is a "injury-in-fact," and meets the low threshold required for standing.  *See e.g.,  Fort Hall Landowners Alliance Inc. v. Bureau of Indian Affairs*, 407 F. Supp. 2d at 1225.  The causation requirement is met because there is no evidence that the alleged recipients of the disclosure received it from anyone other than the Defendants.  *Id*.  An "adverse effect" of the alleged non-consensual disclosure is proven here.

**D.  Pretzman has made out a § 552a(c)(3) claim - Defendants' Mot., pp. 14-17**

Assuming *arguendo*, that Pretzman has properly claimed "adverse effects" due to disclosure of her personal cell phone number, she has made out a legally sufficient claim. Pretzman alleges that on August 4, 2022, she requested the following from the USSS:

> I respectfully request a documented response identifying who in the USSS resourced my personal information, through which USSS database, to whom was it provided outside of the USSS, who requested the information and why/for what purpose?

The allegation is, as alleged, that disclosure was made to "investigative agencies," "Congressional Oversight Committee," "DOJ", "Department of Justice and/or the Federal Bureau of Investigation."  As the Defendants' Mot. shows the "news reports incorporated by reference in the Complaint state that USSS provided the personal cell phones of U.S. Secret Service personnel to the '"inspector general responsible for the Secret Service,' and/or

unspecified 'oversight bodies looking into the January 6, 2021 attack on the U.S. Capitol.'" *Id*., p. 15.

The disclosures, as plausibly alleged in the Complaint were non-consensual and if true, not only a violation of the Privacy Act as well as FOIA, but required the Defendants', and more particularly, the USSS, to account for the disclosure pursuant to § 552a(C)(3). The decision point here is that there are no exemptions cited to bar disclosure or the obligation to account for the disclosure, and perhaps more significantly, no representation that any effort was made to search the records to determine if such disclosures were made, all in violation of both FOIA and the Privacy Act.

### III. Conclusion

For the foregoing reasons, the Court should deny the Defendants' Motion to Dismiss the Complaint.

Respectfully submitted,

By: /s/ Lawrence Berger
Lawrence Berger, Esq.
Counsel for Plaintiff

Mahon & Berger, Esqs.
70 Glen Street, Suite 249
Glen Cove, NY 11542
516-671-2688

Dated: February 5, 2024               lberger@lbfedlaw.com