**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

MINDY PRETZMAN,

     *Plaintiff*,

  v.

ALEJANDRO N. MAYORKAS et al.,

     *Defendants*.

Civil Action No. 23-2577 (TJK)

**<u>MEMORANDUM OPINION</u>**

Mindy Pretzman requested that her employer, the U.S. Secret Service, provide her information in response to news reports that it gave her personal cell phone number to Congress or federal law enforcement agencies in connection with their investigations into the attack on the U.S. Capitol on January 6, 2021.  After interpreting her request as seeking an accounting of records disclosed under the Privacy Act, the Secret Service determined that no response was required under the appropriate regulations and denied her request.  So Pretzman sued, seeking review of that decision.  She alleges that the Secret Service violated the Freedom of Information Act and the Privacy Act in several ways.  Defendants, the heads of the Secret Service and the Department of Homeland Security, move to dismiss the claims on several grounds, including for lack of subject-matter jurisdiction and failure to state a claim.  For the reasons explained below, the Court agrees with Defendants and will dismiss each of Pretzman's claims for one of those reasons.

**I.**    **Background**

According to the Complaint, Pretzman is a Special Agent for the U.S. Secret Service in Washington, D.C., and like all other such employees, she provided the Secret Service her personal cell phone number for emergency contact purposes.  ECF No. 1 ("Compl.") ¶¶ 1, 14.  In August

2022, Pretzman alleges, "media reports surfaced that the USSS provided personal cell phone information of 'thousands' . . . of its employees to Congressional Oversight Committees or investigative agencies (DOJ, and/or the Federal Bureau of Investigation) examining events surrounding January 6, 2021." *Id.* ¶ 6.  Pretzman provided two links to such reports in the Complaint.  *See id.* ¶ 10.[1]

In response to these reports, in August 2022, Pretzman emailed the Secret Service's Chief Privacy Officer and stated that she "recently learned that USSS employee personal cell phone numbers were extracted from USSS database systems and provided to external agencies without seeking consent or advising employees."  Compl. ¶¶ 18–19; ECF No. 15-3.  Pretzman wrote, in relevant part, in bold text: "I respectfully request a documented response identifying who in the USSS resourced my personal information, through which USSS database, to whom was it provided outside of the USSS, who requested the information and why/for what purpose."  ECF No. 15-3 at 1.[2]

About two months later, the Secret Service responded to Pretzman's request.  Compl. ¶ 21; ECF No. 15-1 at 11.  It interpreted the inquiry as a request for an accounting of records disclosed

---

[1] Defendants point out that these articles report more specifically that *agency-issued* cell phone numbers had been provided to the "House Jan. 6 committee," and that *personal* cell phone numbers had been provided to the "inspector general responsible for the Secret Service" and "oversight bodies looking into the January 6, 2021 attack on the US Capitol."  ECF No. 15-1 at 9–10 (citations omitted).

[2] The Court may consider Pretzman's original request, as well as her appeal and the Secret Service's responses, "because those documents are referred to in [Pretzman's] Complaint and integral to [her] claims."  *Schoenman v. FBI*, No. 4-cv-2202 (CKK), 2006 WL 1126813, at *12 (D.D.C. Mar. 31, 2006); *see also Kanam v. Off. of Benton Peterson*, No. 18-cv-3149 (RDM), 2019 WL 5806906, at *2 (D.D.C. Nov. 7, 2019), *aff'd per curiam*, No. 20-5001, 2020 WL 3406469 (D.C. Cir. June 2, 2020) ("Because Plaintiff attached a copy of his FOIA request, to his original complaint, and cites to it repeatedly in his amended complaint, the Court may consider the request—and the manner in which it was addressed—for purposes of Defendant's motion to dismiss.") (internal citations omitted).

under the Privacy Act, 5 U.S.C. § 552a, and its accompanying agency regulation, 6 C.F.R. § 5.27. The agency denied the request, determining that regulation 6 C.F.R. § 5.27 "does not require a records disclosure accounting to be made in connection with your request." Compl. ¶ 21; ECF No 15-4. Pretzman appealed two weeks later.[3] In her appeal, Pretzman repeatedly characterized her original request as a Freedom of Information Act ("FOIA") request, 5 U.S.C. § 552, not one for an accounting of records disclosed under the Privacy Act, ECF No. 15-5. But she then argued that there was no basis for the Secret Service to conclude that it was not required to produce an accounting of the records under 6 C.F.R. § 5.27 because none of the exceptions outlined in that regulation apply to her "request [] for information relating to her own person records." ECF No. 15-5 at 1–2 (emphasis omitted).

In June 2023, the Secret Service denied her appeal. Compl. ¶¶ 24, 27. It rebuffed Pretzman's characterization of her original inquiry as a FOIA request and affirmed the decision that it was not required under the relevant regulation to provide Pretzman with an accounting of records that may have been disclosed. *Id.* ¶ 24; ECF No. 15-6

In September 2023, Pretzman sued the Secretary of Homeland Security and the Director of the Secret Service in their official capacities. *See* Compl. at 1. Her complaint alleges (1) the wrongful withholding and failure to account for disclosure of agency records under both FOIA and the Privacy Act, and (2) failure to conduct a reasonable search under both FOIA and the Privacy Act. *Id.* ¶¶ 28–60. She seeks various forms of declaratory and injunctive relief and "such

---

[3] Pretzman alleges that she appealed on January 2, 2023. Compl. ¶ 22. But Defendants say she did so on October 17, 2022, ECF No. 15-1 at 11, which Plaintiff accepts as true in her response, *see* ECF No. 18 at 5 (stating that the factual and procedural backgrounds in Defendants' motion "are accepted as undisputed"). Moreover, the October 17 date is confirmed by the appeal letter itself, ECF No. 15-5 at 1, which the Court may consider, *see Gaines v. District of Columbia*, 961 F. Supp. 2d 218, 221 (D.D.C. 2013).

other relief as the Court may deem just and proper." *Id.* ¶ 61.

## II.    Legal Standards

To survive a Rule 12(b)(1) motion to dismiss, a plaintiff carries the burden of establishing subject-matter jurisdiction by a preponderance of the evidence.  *See Harris v. Sebelius*, 932 F. Supp. 2d 150, 151 (D.D.C. 2013).  A court considering a motion to dismiss for lack of jurisdiction must accept the factual allegations as true.  *Jerome Stevens Pharms., Inc v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).  But the Court need not accept "legal conclusions couched as factual allegations."  *Harris*, 932 F. Supp. 2d at 151.  On a Rule 12(b)(1) motion, the Court may consider the complaint and any undisputed facts in the record, or "the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

To survive a Rule 12(b)(6) motion to dismiss, on the other hand, a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Though "a court must accept as true all of the allegations contained in a complaint," "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Rather, a claim is "plausible when it contains factual allegations that, if proved, would 'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).  And the court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice."  *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

### III.   Analysis

#### A.   FOIA Claims

FOIA "requires federal agencies to disclose information to the public upon reasonable request unless the records at issue fall within specifically delineated exemptions." *Jud. Watch, Inc. v. FBI*, 522 F.3d 364, 366 (D.C. Cir. 2008).  But an agency's disclosure obligations only "commence upon receipt of a valid request," *Dale v. IRS*, 238 F. Supp. 2d 99, 103 (D.D.C. 2002); "[p]ut differently, improper FOIA requests do not trigger an agency's FOIA obligations," *Khan v. U.S. Dep't of Homeland Sec.*, No. 22-cv-2480 (TJK), 2023 WL 6215359, at *4 (D.D.C. Sept. 25, 2023) (citation omitted).  To be valid, a FOIA request must be for actual records and not simply request information.  *See Jud. Watch, Inc. v. Dep't of State*, 177 F. Supp. 3d 450, 456 (D.D.C. 2016), *aff'd*, 681 F. App'x 2 (D.C. Cir. 2017) ("A question is not a request for records under FOIA and an agency has no duty to answer a question posed as a FOIA request.").  Similarly, "it is well-established that [] FOIA 'does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it in fact has created and retained.'"  *Jean-Pierre v. BOP*, 880 F. Supp. 2d 95, 103 (D.D.C. 2012) (quoting *Kissinger v. Reps. Comm. for Freedom of the Press*, 445 U.S. 136, 142 & n.7 (1980)).

Furthermore, a FOIA request must "reasonably describe[]" the records sought.  5 U.S.C. § 552(a)(3)(A).  This requirement exists so that "the agency is able to determine precisely what records are being requested."  *Kowalczyk v. DOJ*, 73 F.3d 386, 388 (D.C. Cir. 1996) (citation omitted).  "An agency's decision to withhold agency records is not improper if it has not received a request that reasonably describes such records."  *Gun Owners of Am., Inc. v. FBI*, 594 F. Supp. 3d 37, 42 (D.D.C. 2022) (cleaned up); *see also Protect the Pub.'s Tr. v. U.S. Dep't of Lab.*, No. 22-cv-2849 (TJK), 2023 WL 6160014, at *3 (D.D.C. Sept. 21, 2023) (finding that plaintiff failed to state a claim because his FOIA request did not "reasonably describe" the records and was

therefore "not a proper request that obliges Defendant to respond"). Finally, an agency is "not obliged to look beyond the four corners of the request for leads to the location of responsive documents." *Kowalczyk*, 73 F.3d at 389.

Pretzman failed to state a claim under FOIA—either one for wrongfully withholding a record or for failure to conduct a reasonable search—because her inquiry was not a proper FOIA request for then-existing records but a request for information. *See Hudgins v. IRS*, 620 F. Supp. 19, 21 (D.D.C. 1985), *aff'd*, 808 F.2d 137 (D.C. Cir. 1987). In other words, she did not ask the Secret Service to produce documents but asked instead for a "documented response" to certain factual questions. Specifically, she asked the Secret Service to identify (1) "who in the USSS resourced [her] personal information," (2) "through which USSS database," (3) "to whom was it provided outside of the USSS," (4) "who requested the information" and (5) "why/for what purpose." ECF No. 15-3 at 1. Indeed, even in her Complaint, Pretzman describes her request as "seeking an answer to the foregoing questions," Compl. ¶ 19, including: "[d]id the USSS disclose Plaintiff's personal cell phone information to a third party or investigative agency?"; "[i]f so, to whom were the personal cell phone information disclosed?"; "[h]ow is this information being used by the investigative entities?"; "[h]ow is the information stored and protected from compromise by the investigative entity receiving the information?"; "[h]ow long will the information be available for access by the recipient investigative agencies?"; and "[t]he propriety of non-consensual disclosure," *id*. ¶ 18. Nothing in FOIA requires an agency to "dig out all the information that might exist, in whatever form or place it might be found, and to create a document that answers plaintiff's questions." *Welsh v. U.S. Dep't of State*, No. 21-cv-1380 (TJK), 2023 WL 2424606, at *3 (D.D.C. Mar. 8, 2023) (citation omitted).

Other courts have found that FOIA requests asking an agency to similarly identify "pieces

of information" are improper.  For example, in *Jean-Pierre v. Federal Bureau of Prisons* a federal

prisoner invoked FOIA to request (1) the identity of the prison official who ordered him transferred

and (2) the day prison officials called a particular federal agent to come see him.  880 F. Supp. 2d

at 98.  The Court held that these requests were "not cognizable under FOIA[] because they ask

questions calling for specific pieces of information rather than records." *Id.* at 103–04.  Similarly,

in *Judicial Watch, Inc.*, the court held that the State Department had no duty to answer a FOIA

request for "records that identify the number and names of all current and former State Department

officials who used email addresses other than their assigned 'state.gov' email addresses to conduct

official State Department business."  177 F. Supp. 3d at 455–56 (internal quotation marks omitted).

In that case—unlike here—the plaintiff *did* ask for "records," but the court still found that the

request was "actually a question posed as a request for records." *Id.*  Here, Pretzman's inquiry

does not even pose as a request for records.

   In addition, and for similar reasons, Pretzman's request also failed to "reasonably de-

scribe[]" the records sought.  5 U.S.C. § 552(a)(3)(A).  The purpose of the "reasonably describes"

requirement is so "a professional employee of the agency, familiar with the general subject area,

could reasonably be expected to find the desired documents." *Hudgins*, 620 F. Supp. at 21.  Im-

plicit in that standard is that the request in fact seeks documents.  But where—as here—the FOIA

request fails to ask for documents, agency personnel have no way to search for them.  In other

words, even if the Secret Service had strained to construe Pretzman's request as one for records,

rather than information, its employees would have been unable "to determine precisely what rec-

ords [were] being requested." *Kowalczyk*, 73 F.3d at 388.  Pretzman's request broadly refers to

information about who accessed her personal data, but she does not clarify the scope of that request

in any meaningful way. *See Ctr. for Immigr. Stud. v. U.S. Citizenship & Immigr. Servs.*, 628 F.

Supp. 3d 266, 271 (D.D.C. 2022) ("A request that vaguely describes the requested documents does not suffice."). In short, instead of requesting specific, reasonably described, records, Pretzman posed open-ended questions seeking general information. *See Krohn v. DOJ*, 628 F.2d 195, 198 (D.C. Cir. 1980) ("A reasonable description requires the requested record to be reasonably identified as a record not as a general request for data, information and statistics to be gleaned generally from documents which have not been created and which the agency does not generally create or require."). The agency had no duty under FOIA to respond to such a request.

Pretzman answers by attempting to re-characterize her request. She claims that her "initial [] request broadly requested access to her personal cell phone records maintained by the USSS" and that the questions she poses in her request "merely express [her] motivation to inspect and 'review' the personal cell phone records." ECF No. 18 at 8, 13. But in a FOIA challenge, the Court must "focus on the language of the request itself." *Nat'l Press Club Journalism Inst. v. ICE*, No. 18-cv-2932 (RC), 2023 WL 9001337, at *5 (D.D.C. Dec. 28, 2023) (cleaned up); *see also Dillon v. DOJ*, 444 F. Supp. 3d 67, 86 (D.D.C. 2020) ("Plaintiff cannot, after filing his lawsuit here, adjust his FOIA request by re-characterizing the text that he made therein through his argument before this Court."). There is no reasonable way to read Pretzman's initial request as seeking to review records; indeed, the word "record," "review," or "inspect" does not appear in her request. Nor for that matter does she refer to FOIA. And while the lack of this terminology does not determine whether her request was proper under FOIA, it does reinforce the Court's conclusion that the original request sought information, not documents.[4] No matter what Pretzman may have

---

[4] In Pretzman's appeal with the Secret Service she did, for the first time, refer to her "personal records." But the Court must look to the *original* request in determining whether a FOIA request is proper. *See Wiesner v. FBI*, 668 F. Supp. 2d 164, 171 (D.D.C. 2009), *aff'd*, No. 10-5013, 2010 WL 3734097 (D.C. Cir. Sept. 23, 2010) ("[T]he Court must focus only on the plaintiff's

intended, "an agency is required to read a FOIA request as drafted, 'not as either the agency or [the requester] might wish it was drafted.'" *Jud. Watch, Inc.*, 177 F. Supp. 3d at 456 (citing *Miller v. Casey*, 730 F.2d 773, 777 (D.C. Cir. 1984)).  Because Pretzman failed to submit a proper FOIA request, her FOIA claims must be dismissed for failure to state a claim.[5]  *See Protect the Pub.'s Tr.*, 2023 WL 6160014, at *3.

### B.     Privacy Act Claims

Pretzman brings two Privacy Act claims, both set out in 5 U.S.C. § 552a(g).  The first is for failure to provide access to records under § 552a(g)(1)(B), and the second is for failure to provide an accounting of records disclosed under § 552a(g)(1)(D).

### 1.     Privacy Act Request for Access to Records

The Privacy Act provides that "[e]ach agency that maintains a system of records" must, "upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him . . . to review the record and have a copy made of all or any portion thereof in a form comprehensible to him." 5 U.S.C. § 552a(d)(1).  The statute provides a civil remedy to enforce that provision, *id.* § 552a(g)(1)(B), which permits a court to "enjoin the agency from withholding the records and order the production to the complainant of

---

original request . . . .").  Moreover, even in her appeal, Pretzman still characterizes her request as one "*for information* relating to her own personal records." ECF No. 15-5 at 2 (emphasis added and omitted).  Thus, even if the Court could consider her request as characterized in her appeal, it still appears that Pretzman is requesting information, not records covered by FOIA.

[5] Some courts have characterized a party's failure to submit a proper FOIA request as a failure to exhaust administrative remedies. *See Landmark Legal Found. v. DOJ*, 211 F. Supp. 3d 311, 318 (D.D.C. 2016) (collecting cases).  *But see Elec. Priv. Info. Ctr. v. IRS*, 910 F.3d 1232, 1233–39 (D.C. Cir. 2018) (explaining that a failure to follow an agency's established procedure for submitting a proper FOIA request is not an exhaustion issue).  In any event, such a failure is not jurisdictional, and the appropriate mechanism for dismissal is Rule 12(b)(6) for failure to state a claim. *See Brown v. Washington Metro. Area Transit Auth.*, No. 19-cv-2853 (BAH), 2020 WL 806197, at *6 (D.D.C. Feb. 18, 2020).

any agency records improperly withheld from him," *id.* § 552a(g)(3)(A).

Pretzman alleges that the Secret Service violated this provision by denying her request to produce her records. Her claim must be dismissed because she failed to administratively exhaust her remedies. "Before a person may bring a Privacy Act claim to compel disclosure, [] that person must first exhaust administrative remedies." *Lantry v. Kendall*, No. 23-cv-473 (RDM), 2024 WL 1366788, at *7 (D.D.C. Mar. 31, 2024). For two reasons, Pretzman failed to exhaust this claim seeking access to records.

First, Pretzman's request did not reasonably describe the records sought. Although the "reasonably describes" requirement is not explicitly provided for in the Privacy Act, as with FOIA, courts have held that it also applies to a such a request. *See Haleem v. U.S. Dep't of Def.*, No. 23-cv-1471 (JEB), 2024 WL 230289, at *8 (D.D.C. Jan. 22, 2024) ("Plaintiff's requests did not "reasonably describe" the records he was seeking, as the Privacy Act and FOIA require."). Indeed, some courts have held that "while the FOIA requires that a request must 'reasonable describe' the records, Privacy Act requests require greater specificity." *Nurse v. Sec'y of Air Force*, 231 F. Supp. 2d 323, 331 (D.D.C. 2002). More importantly, the applicable regulation *does* explicitly require that Privacy Act requests "must describe the records sought in sufficient detail to enable [Secret Service] personnel to locate the system of records covering them with a reasonable amount of effort." 6 C.F.R. § 5.21(c). And a failure to make a Privacy Act request in accordance with the agency's published regulations is a failure to exhaust administrative remedies. *See Powell v. IRS*, 255 F. Supp. 3d 33, 42 (D.D.C. 2017) (collecting cases). As discussed above, Pretzman's request, as one for information rather than records, fails to reasonably describe the records sought. Thus, she did not make her request in accordance with the statute or agency's regulations, and so she has failed to administratively exhaust the claim.

Second, Pretzman also failed to administratively exhaust this Privacy Act claim because she failed to raise it on appeal.  To exhaust a request for access claim under the Privacy Act, a plaintiff must not only make an initial request for records from the agency but must also "seek review within the agency before coming to court."  *Haase v. Sessions*, 893 F.2d 370, 373 (D.C. Cir. 1990).  Although Pretzman did administratively appeal the Secret Service's denial of her request, she never alleged in her appeal that the Secret Service violated § 552a(d)(1) of the Privacy Act or sought review of that issue.

In fact, in her appeal, Pretzman repeatedly refers to her request as a "FOIA request."  ECF No. 15-5 at 1–2; *see Stein v. SEC*, 266 F. Supp. 3d 326, 336 (D.D.C. 2017) (holding that plaintiff "clearly failed to exhaust any Privacy Act claims" because "there is no mention of the Privacy Act in his initial request for documents or in his administrative appeal letter").  And to be sure, while Pretzman did reference the Privacy Act in her appeal, that was only with respect to the statute's requirement that an agency provide an accounting of records disclosed—which is how the Secret Service interpreted her original request.  By failing to raise this issue on appeal with the agency, Pretzman has not administratively exhausted this claim.  *Lantry*, 2024 WL 1366788, at *8 ("Exhausting administrative remedies under the Privacy Act requires more than merely asking for the documents.  To properly exhaust administrative remedies, a plaintiff must submit a Privacy Act request to the agency and seek review within the agency under the agency's regulations." (internal quotation marks and citation omitted)).  For that reason, also, this claim must be dismissed.[6]

------

[6] Unlike with FOIA, there is disagreement among courts in this jurisdiction as to whether the Privacy Act's exhaustion requirement is jurisdictional, but the D.C. Circuit has never held that it is, and the better view appears to be that it is not.  *See Bain v. Off. of Att'y Gen.*, 648 F. Supp. 3d 19, 41–42 (D.D.C. 2022).  Thus, the Court will dismiss this claim for failure to state a claim.

### 2.      The Privacy Act Request for an Accounting of Records Disclosed

Pretzman's second Privacy Act claim is for failure to provide an accounting of records disclosed.  Under § 552a(c), an agency must keep an accounting of certain record disclosures and share that accounting with the individual named in those records at his request.  5 U.S.C. § 552a(c)(1), (3).  Violations of this provision are enforced under § 552a(g)(1)(D), which is the Privacy Act's "catch-all provision" and authorizes a civil remedy when "any other provision of this section" is violated.  *Dickson v. Off. of Pers. Mgmt.*, 828 F.2d 32, 39 (D.C. Cir. 1987) (quoting 5 U.S.C. § 552a(g)(1)(D)).  Claims brought under § 552a(g)(1)(D) may seek "only monetary damages, not declaratory or injunctive relief."  *Sussman v. Marshals Serv.*, 494 F.3d 1106, 1122 (D.C. Cir. 2007).

Pretzman alleges that the Secret Service violated § 552a(c) by failing to provide an accounting of her personal cell phone records' disclosure.  But according to Defendants, this claim must be dismissed because Pretzman has failed to allege any actual damages stemming from this alleged violation, a necessary component of § 552a(g)(1)(D).  Pretzman appears to concede that she has alleged no actual damages, but she argues that doing so is not required.  According to Pretzman, she need only allege that she suffered an "adverse effect."  Pretzman is mistaken.  By failing to allege any actual damages, she has not stated a claim under § 552a(g)(1)(D).

True, § 552a(g)(1)(D) states that a plaintiff can bring a civil action where an agency "fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual."  But the statute then states that "[i]n any suit brought under [§ 552a(g)(1)(D)] in which the court determines that the agency acted in a manner which was intentional or willful, the United States shall be liable to the individual in an amount equal to the sum of . . . actual damages sustained by the individual as a result of the refusal or failure, but in no case shall a person entitled to recovery receive less than the sum of $1,000."  5

U.S.C. § 552a(g)(4)(A).  And in *Doe v. Chao*, 540 U.S. 614, 619–20 (2004), the Supreme Court

explained that this second provision provides the "specific terms governing relief" and should be

read together with § 552a(g)(1)(D) as requiring a plaintiff to show actual damages.  In other words,

the "adverse effect" requirement of § 552a(g)(1)(D) does not on its own "provide a complete cause

of action."  *Id.* at 624.  Consistent with this reasoning, the D.C. Circuit has held that: "To state a

claim under the Privacy Act, a plaintiff must establish that (1) the agency violated a provision of

the Act; (2) the violation was intentional or willful; and (3) the violation had an 'adverse effect'

on the plaintiff *in the form of actual damages*."  *Chichakli v. Tillerson*, 882 F.3d 229, 233 (D.C.

Cir. 2018) (citation omitted) (emphasis added).[7]

Pretzman points out that the "adverse effect" requirement is "not necessarily equivalent to

'actual damages,'" and argues that all she needs to show to establish an "adverse effect" is an

injury-in-fact.  ECF No. 18 at 14–15.  But the Court is bound by the clear precedent described

above.  And in any event, the Supreme Court addressed the apparent tension between the "adverse

effect" requirement of § 552a(g)(1)(D) and the "actual damages" requirement of § 552a(g)(4), ex-

plaining that "'adverse effect' acts as a term of art identifying a potential plaintiff who satisfies the

injury-in-fact and causation requirements of Article III standing, and who may consequently bring

a civil action without suffering dismissal for want of standing to sue."  *Doe*, 540 U.S. at 624.  But

the Court then held that while "an individual subjected to an adverse effect has injury enough to

---

[7] *See also Fleck v. Dep't of Veterans Affs. Off. of Inspector Gen.*, 651 F. Supp. 3d 46, 52
(D.D.C. 2023) ("A plaintiff may recover damages under § 552a(g)(1)(D) only if he proves . . . (3)
the plaintiff suffered 'actual damages.'"); *Reed v. Dep't of the Navy*, 910 F. Supp. 2d 32, 45
(D.D.C. 2012) ("The plaintiff must allege 'actual damages' connected to the adverse effect to
'qualify' under the [Privacy] Act."); *Mulhern v. Gates*, 525 F. Supp. 2d 174, 181–82 (D.D.C. 2007)
("In other words, a plaintiff seeking monetary damages for an agency's improper disclosure must
establish *not only* that he was 'adversely affected' by the improper disclosure, *but also* that he
suffered some harm for which damages can reasonably be assessed." (internal quotation marks
and citation omitted)).

open the court-house door, [] without more [he] has no cause of action for damages under the Privacy Act."  *Id.* at 624–25; *see also FAA v. Cooper*, 566 U.S. 284, 295 (2012) (explaining that § 552a(g)(4)'s "actual damages" requirement is "limited to actual pecuniary loss, which must be specially pleaded and proved").[8]

Pretzman's failure to state a claim under § 552a(g)(1)(D) is a jurisdictional defect.  "The United States is generally immune from suit unless there is explicit statutory waiver of its sovereign immunity."  *Lewis v. D.C. Police Dep't*, 271 F. Supp. 3d 177, 179 (D.D.C. 2017), *aff'd*, No. 17-5245, 2018 WL 1896537 (D.C. Cir. Apr. 3, 2018) (citation omitted).  And "[s]overeign immunity is jurisdictional in nature."  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  Thus, a claim seeking damages from the United States "must be brought in exact compliance with the terms of a statute under which the sovereign has consented to be sued."  *Franklin v. United States*, 49 F.4th 429, 434 (5th Cir. 2022) (internal quotation marks and citation omitted); *see also GAF Corp. v. United States*, 818 F.2d 901, 904 (D.C. Cir. 1987) ("[A]bsent full compliance with the conditions the Government has placed upon its waiver [of sovereign immunity], courts lack jurisdiction to entertain tort claims against it.").  Because Pretzman's claim under § 552a(g)(1)(D) can only seek

---

[8] Pretzman also cites *Dickson v. Office of Personal Management* in support of her argument that no showing of actual damages is necessary.  ECF No. 18 at 14 (citing *Dickson*, 828 F.2d at 37).  But that case predates the Supreme Court's decision in *Doe v. Chao*, and in any case it offers no support for Pretzman's position.  To the contrary, in *Dickson* the D.C. Circuit clarified that § 552a(g)(4)—which includes the actual damages requirement—"states the standards governing the substantive requirements for a damage action."  *Dickson*, 828 F.2d at 37.  And it expressly held that "[p]laintiffs must prove actual damages, or alternatively, their entitlement to the $1,000 minimum recovery specified in the statute."  *Id.*  Pretzman also cites an out-of-circuit district court case for the proposition that "to satisfy the Privacy Act's adverse effect and causation requirements, plaintiffs need not show actual damages."  ECF No. 18 at 14–15 (citing *Fort Hall Landowners All., Inc. v. Bureau of Indian Affs.*, 407 F. Supp. 2d 1220, 1225 (D. Idaho 2006)).  But again, that proposition is not in dispute and is consistent with the Supreme Court's decision.  Indeed, that case then states that "[u]nder *Chao,* plaintiffs must prove actual damages in order to be entitled to relief under the Privacy Act."  *Fort Hall Landowners All., Inc.*, 407 F. Supp. 2d at 1228.

monetary damages, it must comply in full with the statute's terms.[9]  By failing to allege actual

damages, Pretzman has not done so.  Therefore, the United States has not waived sovereign im-

munity over her claim, which must be dismissed for lack of subject-matter jurisdiction.[10]

**IV.    Conclusion**

For all the above reasons, the Court will grant Defendants' Motion to Dismiss.  A separate

order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: August 20, 2024

---

[9] *Cf. Cooper*, 566 U.S. at 304 (holding that since the "actual damages" requirement of the Privacy Act is limited to pecuniary harms, a Privacy Act claim alleging only mental and emotional harm is not covered by the statute and "the Act does not waive the Federal Government's sovereign immunity from liability for such harms").

[10] *See Stewart v. Kendall*, 578 F. Supp. 3d 18, 23 (D.D.C. 2022) ("The Privacy Act provides a waiver of sovereign immunity, but the waiver is limited in scope: the Act only waives sovereign immunity for 'actual damages.' . . . Put simply, for this Court to have subject matter jurisdiction, the United States must have consented to being sued, and the United States[] only consented to being sued under the Privacy Act for pecuniary damages.").